BEFORE THE FIRST DIVISION, OCTOBER 11, 1956

**No. 60278.**—Bond Manufacturing Co. and Wheeler & Miller v. United States, protest 237283–K (San Francisco).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "bamboo strippings" and was assessed with duty at the rate

of 45 per centum ad valorem under the provisions in paragraph 409 of the Tariff Act of 1930 for "all articles not specially provided for, wholly or partly manufactured of * * * bamboo." The protest claim is for duty at the rate of 1¼ cents per pound under the provision in said paragraph for "split bamboo."

There does not seem to be any dispute but that the merchandise consists of bamboo imported in strips, 12 feet in length. No sample of the strips in the 12-foot length was offered, but there are before us two samples of the merchandise, one offered by the plaintiffs and the other by the defendant. The plaintiffs' exhibit, received in evidence over objection by counsel for the defendant as collective exhibit 1, consists of two strips about 3 feet in length by 2 inches wide, said to represent the imported merchandise, except in length and the fact that small holes about a foot apart were drilled through the strips after importation. The defendant's sample, exhibit A, said to have been the official sample retained by the customs examiner, is about a foot in length and 2 inches wide, and, except for the length and the absence of holes, is identical with collective exhibit 1, with the further exception that the area where the strip was separated from the stem of the bamboo plant seems to be somewhat smoother than in collective exhibit 1.

In support of their claim, plaintiffs offered evidence with the view to establishing that, except for being split from the stem of the bamboo plant, nothing had been done to the merchandise prior to importation. This evidence, in the form of oral testimony, was given by one who had been a partner in the importing firm at the time the merchandise in question was imported. Although it appeared that the activity of the witness was more in the nature of sales, it fairly appeared that he was familiar with the manufacturing processes involving both the production of the material, split bamboo, and of articles made therefrom.

The witness testified that bamboo is split by being pushed against a blade; that his firm had so split bamboo; and that the result was like collective exhibit 1, except for length. He further testified that merchandise such as collective exhibit 1 was used in the manufacture of furniture and lamps and, in some cases, for decorative purposes.

Although, on cross-examination, defendant's counsel sought to elicit from the witness a statement that defendant's exhibit A had been planed, the witness denied this, and the defendant offered no further proof on the subject.

We are of the opinion, on the record presented, that plaintiffs made out a *prima facie* case in favor of their claim and that defendant failed to go forward with the evidence to refute or disprove the evidence offered by the plaintiffs. Both at the trial and in the brief filed in its behalf, defendant's counsel made much of the fact that the witness had never been to Japan, the country of origin of the imported merchandise, or seen the process of splitting bamboo there. It must be remembered that the term "split bamboo," as it appears in the tariff act, must be interpreted according to the meaning it has in this country, and it would make no difference if the process of splitting bamboo in Japan were different from that used in this country, if the result was known in this country as "split bamboo."

We are satisfied that the witness demonstrated sufficient qualifications to give the testimony he did and that such testimony established a *prima facie* case in support of plaintiffs' claim, sufficient to overcome the presumption of correctness attaching to the collector's classification and cast on the defendant the burden of going forward with the evidence. This burden was not met.

Judgment will, therefore, issue sustaining the protest claim accordingly.